UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA LEE DINGER MAIN, individually and on behalf of all other similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>DOLGEN CALIFORNIA, LLC, a Tennessee Limited Liability Corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | No.  2:13-cv-01637-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Victoria Lee Dinger Main ("Plaintiff") initially filed suit individually and on behalf of others similarly situated against Dolgen California, LLC ("Defendant"), in the Superior Court of the State of California for the County of Sacramento.  Plaintiff alleged five causes of action: (1) failure to provide meal breaks; (2) failure to pay wages due at separation of employment; (3) failure to issue accurate itemized wage statements; (4) unfair business practices; and (5) penalties pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA").  Defendant removed the action to federal court, asserting subject matter jurisdiction under the Class Action Fairness Act ("CAFA").  28 U.S.C. §§ 1332(d), 1453.

///

Presently before the Court is Plaintiff's Motion to Remand ("Motion").  Mot., Aug. 29, 2013, ECF No. 4.  For the reasons stated below, Plaintiff's Motion is granted.[1]

## BACKGROUND[2]

Plaintiff brings the instant action on behalf of herself and the other "Class Members."  Plaintiff defines "Class Members" as "all current and former non-exempt employees of [Defendant] Dolgen, California, LLC who worked in the State of California at any time from June 6, 2009 th[r]ough the conclusion of this action, and who worked at least one shift as the only KEYHOLDER on-duty during the first five hours of a shift."  Compl. 2, August 7, 2013, ECF No. 1 at Ex. A.  Plaintiff "believes there are more than 200 current and former employees in the Class."  Id. at 5.  According to Plaintiff, "[t]he total amount in controversy for Plaintiff's individual claims is less than $30,000."  Id. at 3.  Plaintiff does not allege a specific amount in controversy for all class members.

## STANDARD

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. at § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  Id. at § 1332(a)(1)-(2).

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. ECF No. 1 at Ex. A.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). A motion to remand is the proper procedure for challenging removal. "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

The Class Action Fairness Act ("CAFA") gives federal district courts original jurisdiction in any civil action where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; (2) the action is pled as a class action involving more than 100 putative class members; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Plaintiff does not dispute the second and third requirements, and thus the critical issue in deciding the instant Motion is whether the $5,000,000 amount in controversy requirement is satisfied.

**A.     Defendant's Burden**

A preponderance of the evidence standard applies "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

In other words, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).

In determining "whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," the "claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). Here, Plaintiff seeks, among other things, a monetary award on behalf of Plaintiff and the Class Members. However, Plaintiff's Complaint does not specify the actual amount in controversy for all aggregated claims. Therefore, as the removing party, Defendant must establish by a preponderance of the evidence that the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d).

### B. Amount in Controversy

#### 1. Private Attorneys General Act ("PAGA")

Plaintiff contends Defendant has not shown the requisite amount in controversy because Defendant has included in Plaintiff's potential recovery a sum which must be distributed to the Labor and Workforce Development Agency ("LWDA"). Mot. at 9. Plaintiff asserts this sum should be omitted, lowering "Defendant's calculations of the amount in controversy from $6,280,675 to $4,565,500." Id. at 9-10. Plaintiff is correct.

"Civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency . . . and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i). The Ninth Circuit recently found that a plaintiff's claims under PAGA are separate and distinct rather than common and undivided, and thus, the civil penalties may not be aggregated to satisfy the amount in controversy requirement.

4

Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118 (9th Cir. 2013).  The Ninth Circuit explained, "we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction." Id. at 1122-23.  In keeping with this precedent, this Court previously held that recovery under PAGA may not be aggregated because the amount recovered by a plaintiff "based on his PAGA claims [is] separate and distinct from the amounts recoverable by the State of California via the LWDA." Pulera v. F&B, Inc., No. 2:08-cv-00275-MCE-DAD, 2008 WL 3863489, at *4 (E.D. Cal. Aug. 19, 2008).

Defendant's estimated PAGA penalties are $2,286,900, which includes the 75 percent which would be distributed to the State via the LWDA.  Notice of Removal at 15.  Assuming that Defendant's estimated PAGA penalties are accurate, the amount of $2,286,900 must be reduced by 75 percent.  Urbino, 726 F.3d at 1122-23; Pulera, 2008 WL 3863489 at *4.  Therefore, for purposes of satisfying the amount in controversy requirement, Defendant's PAGA penalties are reduced by $1,715,175 ($2,286,900 x .75 = $1,715,175).  As a result, even assuming Defendant's remaining calculations are correct, the amount in controversy is $4,565,500 ($6,280,675 – $1,715,175 = $4,565,500).

After adjusting the amount in controversy, Defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 as required by CAFA.  As such, the Court lacks original jurisdiction, and the matter must be remanded to state court.

**2.  Remaining Claims**

At least some of Defendant's remaining calculations lack evidentiary support.  For example, according to Defendant, "assuming each putative class member missed two meal periods each week during the three year limitations period, Defendant estimates the amount [for missed meal periods] to be $284,412." Notice of Removal at 10.

However, Defendant provides no support for the assumption that each putative class member missed two meal periods each week.  In fact, Defendant concedes it is merely "assuming."  Id.  Defendant cites no "evidence for its assumption that each class member . . . was deprived of [two] meal period[s] per week."  Vigil v. HMS Host USA, Inc., 2012 WL 3283400 at *5 (N.D. Cal. Aug. 10, 2012).  Without evidentiary support, Defendant's assumption should not be "used in calculating whether Plaintiff's damages reach the jurisdictional threshold of $5 million."  Velasquez v. HMS Host USA, Inc., No. 2:12-cv-02312-MCE-CKD, 2012 WL 6049608 at *8 (E.D. Cal. Dec. 5, 2012).  Therefore, the amount in controversy is further reduced by $284,412.

## CONCLUSION

     For the reasons stated above, the Court lacks subject matter jurisdiction to hear the instant action.  Accordingly, Plaintiff's Motion to Remand (ECF No. 4) is GRANTED.  The Clerk of the Court is directed to remand this case to the Superior Court of the State of California for the County of Sacramento.

     IT IS SO ORDERED.

Dated:  October 24, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT